**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00366-CR**
_____

**DAVID HAROLD SEHON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A240070-R**

**MEMORANDUM OPINION**

A grand jury indicted David Harold Sehon ("Appellant" or "Sehon") for felony theft. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D). Sehon pleaded "not guilty," and was represented by counsel. The jury found him guilty of the offense as charged in the indictment. After hearing evidence on punishment, the jury assessed a punishment of twenty-four months in a state jail facility. Sehon timely filed a notice of appeal.

1

Sehon's court-appointed appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Sehon to file a pro se brief, and Sehon filed a pro se brief.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief, the appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citing *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief or a pro se response. *Bledsoe*, 178 S.W.3d at 826-27.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Sehon's pro se brief, and have found no reversible error and nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-

2

28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford*, 813 S.W.2d at 511. We affirm the trial court's judgment.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on January 20, 2026
Opinion Delivered January 21, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Sehon may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.